IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01055-CMA-KLM

GREENWAY UNIVERSITY, INC., a Colorado corporation,

    Plaintiff,

v.

GREENWAY OF ARIZONA, LLC, an Arizona limited liability company,
GREEN HORIZONS UNIVERSITY, an unknown business entity,
RAINFOREST COLLECTIVE, an unknown business entity,
HALBERT HOLDINGS, LLC, an unknown business entity,
DAN HALBERT, individually,
JESSE RODRIGUEZ, individually,
JARED SIMMONS, individually, and
SIMMONS AND GOTTFRIED, PLLC, an Arizona limited liability company,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Amended Motion of Greenway of Arizona, LLC to Disqualify Thomas Ryan as Counsel for Plaintiff** [Docket No. 59; Filed July 14, 2011] (the "Motion"). Plaintiff filed a Response in opposition to the Motion on July 28, 2011 [Docket No. 66], and Defendant Greenway of Arizona, LLC ("Greenway AZ") did not file a Reply. For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** the Motion as premature.

**Background**

This lawsuit arises from alleged breaches of a Licensing Agreement executed on January 15, 2011 between Plaintiff and Defendant Dan Halbert, related to rights associated with educational programs and seminars conducted by Plaintiff about medical marijuana.

1

*See Compl.*, Docket No. 1.  In the Motion at hand, Defendant Greenway AZ asks the Court to disqualify Plaintiff's counsel, Mr. Ryan, from representing Plaintiff in this matter, because he drafted and negotiated the terms of the Licensing Agreement at issue.  *Motion*, Docket No. 59 at 2.  Greenway AZ contends that its recently filed counterclaims, alleging fraudulent and negligent misrepresentation, fraudulent concealment, a violation of the Colorado Organized Crime Control Act, and breach of contract against Plaintiff, rely on Mr. Ryan's conduct during the negotiation of the Licensing Agreement.  *Id.* at 3.  Greenway AZ asserts that Mr. Ryan, in his capacity as Chief Compliance Officer for Plaintiff, prepared the information presented to Greenway AZ during the Licensing Agreement negotiations, and the presented information "was false or made negligently."  *Id.* at 6, 7.  Therefore, pursuant to Rules 3.7, 1.7(a)(2), and 1.7(b)(3) of the Colorado Rules of Professional Conduct, Greenway AZ requests that the Court disqualify Mr. Ryan, as it believes that he is a necessary witness relevant to the claims, counterclaims and defenses at issue.  *See id.* at 5, 8.

In response, Plaintiff argues that because the claims in this matter are purely contract-based, there would be no need for his testimony regarding the negotiation and drafting of the License Agreement.  *See Response*, Docket No. 66 at 6.  Plaintiff points out that Greenway AZ fails to include evidentiary support for the allegations it makes against Plaintiff's counsel.  *See id.* at 8-10.  Plaintiff suggests that the Court wait until after the motion to dismiss Greenway AZ's counterclaims, filed by Plaintiff on August 11, 2011 [Docket No. 72], has been ruled on before determining whether counsel for Plaintiff will be a necessary witness.  *Id.* at 9.

## Legal Standard

"A motion to disqualify counsel is addressed to the sound discretion of the district court." *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1301 (D. Colo. 1994). The movant bears the burden of establishing the grounds for disqualification. *World Youth Day, Inc.*, 866 F. Supp. at 1299. "When ruling on a motion for disqualification of counsel, [the Court] must make specific findings and conclusions." *Id.* (citation omitted). The Court should evaluate motions to disqualify with suspicion, and it must be aware that such motions may be used to "secure a tactical advantage in the proceedings." *Pappas v. Frank Azar & Assoc., P.C.*, No. 06-cv-01024-MSK-BNB, 2007 WL 4224196, at *6 (D. Colo. Nov. 27, 2007) (citing *Religious Tech. Ctr. v. F.A.C.T. Net, Inc.*, 945 F. Supp. 1470, 1478 (D. Colo. 1996)).

Pursuant to D.C.COLO.LCivR 83.4, this district applies the Colorado Rules of Professional Conduct as its standards for professional responsibility. Greenway AZ premises its motion on CRPC 3.7, 1.7(a)(2), and 1.7(b)(3), with a distinct focus on Rule 3.7. In pertinent part, Rule 3.7 prescribes that:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>   (1) the testimony relates to an uncontested issue;
>   (2) the testimony relates to the nature and value of legal services rendered in the case; or
>   (3) disqualification of the lawyer would work substantial hardship on the client.[1]

---

[1] The Comment to the rule recognizes that "[c]ombining the roles of advocate and witness can prejudice the tribunal and the opposing party and can also involve a conflict of interest between the lawyer and client;" hence, Greenway AZ's mention of Rule 1.7, which governs conflicts of interest between a lawyer and the current client.

"[A] lawyer is a 'necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere." *World Youth Day, Inc.*, 866 F. Supp. at 1302.

Importantly, in this district, judges have looked to the "at a trial" provision in Rule 3.7 as a relevant inquiry when deciding a motion to disqualify. *E.g., Grider v. City & Cnty. of Denver*, No. 10-cv-00722-MSK-MJW, 2011 WL 721279, at *6 (D. Colo. Feb. 23, 2011); *World Youth Day Inc.*, 866 F. Supp. at 1303 ("Colorado Rule 3.7 applies only to an attorney 'act[ing] as an advocate at trial.' Thus, with the informed consent of the client, a lawyer who is likely to be a necessary witness may accept employment and continue to represent the client in all litigation roles short of trial advocacy."). In *Grider*, the district court sustained objections to an order entered by the magistrate judge granting the disqualification of counsel, on the basis that the issues raised in the motion were addressed prematurely. 2011 WL 721279 at *7. The *Grider* court emphasized that the rule applicable to disqualifying "an attorney who has personal knowledge about the facts in dispute is one that anticipates the attorney being called as a witness *at trial*." *Id.* (citing *Morganroth & Morganroth v. DeLorean*, 213 F.3d 1301, 1309 (10th Cir. 2000)) (emphasis in original). The court determined that the magistrate judge should have waited to rule on the issue "until the scope of the issues to be addressed at trial - and, concomitantly, the extent to which the Plaintiff['s] counsel's knowledge of the facts would be both relevant and contested - became clearer." *Id.*

## Analysis

The Court agrees with Plaintiff that much of Greenway AZ's motion appears speculative as to Mr. Ryan's knowledge at the time of the license negotiations. On the other hand, the factual context described by Greenway AZ is, at least at first glance,

possible. However, without more substantial proof of Mr. Ryan's role and knowledge, the Court is disinclined to find that Greenway AZ has satisfied its burden of establishing grounds for disqualification. In any event, like the *Grider* court, the Court concludes that the questions regarding Mr. Ryan's suitability for representation should wait until the picture of his involvement is more complete. Thus, the Court denies the Motion without prejudice, pending the resolution of Plaintiff's motion to dismiss Greenway AZ's counterclaims.

Also similar to the *Grider* court, the Court recognizes that because Plaintiff's counsel *might* be a witness, certain challenges may arise in advance of trial.[2] The Court believes that Greenway AZ sheds enough doubt on Mr. Ryan's ability to represent Plaintiff while complying with his obligations pursuant to the Colorado Rules of Professional Conduct, that limited discovery may be required to explore the depth of Mr. Ryan's involvement in the facts giving rise to Greenway AZ's counterclaims, should the counterclaims survive. However, as stated above, until clarification of the pleadings is finalized through the adjudication of the pending motion to dismiss the counterclaims, a conclusive determination on the motion for disqualification, particularly without more substantive evidentiary support, is premature. The Court will leave it to the discretion of Greenway AZ's counsel as to whether it will first request permission to subpoena Mr. Ryan before submitting a second motion for disqualification, with the warning that a second motion to disqualify premised on conjecture alone will be denied outright. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED WITHOUT PREJUDICE** as premature.

---

[2]The Final Pretrial Conference is scheduled for April 30, 2012 [Docket No. 53], and a setting for trial will likely not issue until the completion of the Final Pretrial Conference.

Dated: September 9, 2011 at Denver, Colorado.

                                  BY THE COURT:

                                  s/ Kristen L. Mix
                                  Kristen L. Mix
                                  United States Magistrate Judge